IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON

GARLAND MURRAY,

    Petitioner

v.

                                          Case No. 2:13-cv-33493

DAVID BALLARD, Warden,
Mount Olive Correctional Complex,

    Respondent.

**PROPOSED FINDINGS AND RECOMMENDATION**

On December 30, 2013, the petitioner, Garland Murray, who is presently incarcerated at the Mount Olive Correctional Complex in Mount Olive, West Virginia, filed a Letter-Form Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (ECF No. 1) and a Motion for Appointment of Counsel (ECF No. 2). The petition was not on the standard form used by this court for section 2254 petitions, and did not specifically state any grounds for habeas corpus relief. Furthermore, the petitioner did not pay the $5.00 filing fee or file an Application to Proceed Without Prepayment of Fees and Costs.

Accordingly, on April 11, 2014, the Clerk mailed a "Notice of Deficient Pleading" to the petitioner, advising the petitioner that he must complete the section 2254 petition form and either pay the applicable $5.00 filing fee or file an Application to Proceed Without Prepayment of Fees and Costs within 10 days, and enclosing the forms for completion. (ECF No. 4).

Having received nothing further from the petitioner, on April 23, 2014, the undersigned entered an "Order and Notice" directing the petitioner to complete the section 2254 petition form and to pay the $5.00 filing fee or to file an Application to Proceed Without Prepayment of Fees and Costs by May 5, 2014, and advising the petitioner that the failure to comply with the undersigned's Order would result in a recommendation to the presiding District Judge that this matter be dismissed for failure to prosecute. (ECF No. 5). The Clerk was directed to send yet another set of the forms for completion by the petitioner. (*Id.*)

As of today's date, the petitioner has not filed the section 2254 petition form; nor has he paid the filing fee or filed the appropriate forms to proceed without prepayment of fees and costs. In fact, he has taken no action with regard to this matter.

The undersigned proposes that the presiding District Judge **FIND** that the petitioner has wholly failed to prosecute this civil action. It is respectfully **RECOMMENDED** that the presiding District Judge **DISMISS** this matter, without prejudice, for failure to prosecute, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, and **DENY** the petitioner's Motion for Appointment of Counsel (ECF No. 2).

The petitioner is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Joseph R. Goodwin, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(C), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the petitioner shall have fourteen days (filing of objections) and then three days (service/mailing), from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of this Proposed Findings and Recommendation to which objection is made,

and the basis of such objection.   Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.  *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).   Copies of such objections shall be served on Judge Faber.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to the petitioner.

   May 15, 2014

Dwane L. Tinsley
United States Magistrate Judge