IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

GARLAND MURRAY,

          Petitioner,

v.                                    CIVIL ACTION NO.  2:13-cv-33493

DAVID BALLARD,

          Respondent.

**ORDER**

      This action was referred to the Honorable Dwane L. Tinsley, United States Magistrate Judge, for submission to this court of proposed findings of fact and recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B). The Magistrate Judge found that the petitioner has "wholly failed" to prosecute this action. The Magistrate Judge recommended that this court deny the petitioner's Letter-Form Petition for a Writ of Habeas Corpus [Docket 1] and Motion for Appointment of Counsel [Docket 2] and dismiss this action for failure to prosecute.

      Neither party has filed objections to the Magistrate Judge's findings and recommendations. A district court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. 28 U.S.C. § 636(b)(1)(C). This court is not, however, required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). As the parties have not filed objections in this case, the court accepts and incorporates herein the findings and

recommendation of the Magistrate Judge and orders judgment consistent with the findings and recommendations. The court **DISMISSES** the Letter-Form Petition for a Writ of Habeas Corpus [Docket 1] without prejudice, **DENIES** the Motion for Appointment of Counsel [Docket 2], and **DIRECTS** this action to be removed from the docket.

This court is required to determine if a certificate of appealability should issue. *See* 28 U.S.C. 2253(c). A certificate may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* A petitioner satisfies this standard where reasonable jurists could debate this court's resolution of the petitioner's claims. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683-84 (4th Cir. 2001). At this time, the petitioner has not satisfied this standard because he has not alleged any particular constitutional violation. Therefore, the court **DENIES** a certificate of appealability.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: June 18, 2014

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE